**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04735-NYW

ADONAY NEFTALI IXCOY-ORDONEZ,

Petitioner,

v.

GEORGE VALDEZ,
JUAN BALTAZAR,
MARKWAYNE MULLIN, and
TODD BLANCHE,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents filed a Response to the Petition on October 13, 2026. [Doc. 6]. For the reasons herein, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Adonay Neftali Ixcoy-Ordonez ("Petitioner" or "Mr. Ixcoy-Ordonez") is an 18-year-old citizen of Guatemala. [Doc. 1 at 4]. He entered the United States at age 15 as an unaccompanied minor, was placed with the Office of Refugee Resettlement ("ORR"),[1] and was placed in removal proceedings on May 9, 2023. [*Id.* at 4–5]. On October 11, 2024, Petitioner filed a Form I-360 seeking Special Immigrant Juvenile ("SIJ") classification. [*Id.* at 5]. SIJ status grants recipients many important benefits, including

[1] Petitioner was subsequently released to his uncle. [Doc. 1 at 4].

the ability "to apply for adjustment of status to that of lawful permanent residents while within the United States." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 160 (3d Cir. 2018); *Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *1 (D. Colo. July 20, 2026).

On February 4, 2025, United States Citizenship and Immigrations Services ("USCIS") approved SIJ petition and granted Mr. Ixcoy-Ordonez deferred action,[2] stating that a visa was not available yet. [Doc. 1 at 5; Doc. 1-2 at 1]. USCIS stated that the deferred action would remain in effect until February 4, 2029. [Doc. 1 at 5; Doc. 1-2 at 1]. Petitioner moved to terminate his removal proceedings so that "he could pursue adjustment of status when an immigrant visa became available." [Doc. 1 at 5]. The immigration judge ("IJ") terminated the removal proceedings on June 23, 2025. [*Id.*; Doc. 1-4 at 1].

On September 9, 2026, Petitioner was stopped for excessive window tint, where he was "held for approximately 20 minutes beyond the immediate traffic stop specifically to obtain approval for detention by" Immigration and Customs Enforcement ("ICE"). [Doc. 1 at 5–6]. After "ICE authorized [Petitioner's] arrest and hold" at 9:25 a.m., Petitioner was detained and transferred to federal immigration custody. [*Id.* at 6; Doc. 1-3 at 1]. No Form I-200 warrant was presented to him, and to date, the Department of Homeland Security ("DHS") has not provided any Form I-287 or any document reflecting the initial custody determination to show that his arrest and detention complies with 8 U.S.C. § 1226(a). [Doc. 1 at 6]. That same day, DHS issued a new Notice to Appear ("NTA"),

[2] If granted, deferred action "temporarily defers Petitioner's removal from the United States." *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *4 (D. Colo. Jan 13, 2026).

which was never served on Petitioner, despite it showing that he refused to sign. [*Id.*; Doc. 1-6 at 1]. Petitioner is currently detained at the Denver Contract Detention Facility. [Doc. 1 at 6]. His SIJ status has not been revoked, and his deferred action has not been terminated. [*Id.* at 9]

Mr. Ixcoy-Ordonez asserts five claims: (1) his continued detention while his SIJ classification and deferred action are operative violates the Fifth Amendment; (2) DHS's inconsistent treatment of Petitioner violates of the Administrative Procedure Act ("APA"); (3) his warrantless arrest violates the Immigration and Nationality Act ("INA"); (4) the failure to exercise individualized custody discretion violates of the Fifth Amendment; and (5) the traffic stop and subsequent seizure violated the Fourth Amendment. [*Id.* at 11–25]. Among other things, he asks the Court to order his immediate release and enjoin Respondents "from re-detaining [him] during his existing grant of deferred action absent lawful termination of that grant and constitutionally adequate pre-deprivation process, except as otherwise authorized by a new and independent lawful basis." [*Id.* at 26].

The Respondents filed a response, stating that they are "not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 6 at 1–2]. They acknowledge that, if the Petition is granted, the "appropriate relief" would be an Order directing Petitioner's release. [*Id.* at 2].

## LEGAL STANDARD

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

The Court's analysis begins and ends with Claim 3. Petitioner argues that "[n]othing in the materials presently available establishes that a valid administrative warrant existed before ICE authorized the arrest and hold," and that the NTA issued on September 9, 2026 did not cure the warrantless arrest, as it "does not establish the sequence between issuance of the NTA, issuance of any warrant, and ICE's 9:25 a.m. authorization to arrest and hold Petitioner." [Doc. 1 at 19]. He asserts that the Respondents also failed to show that his warrantless arrest was justified under 8 U.S.C. § 1357(a)(2). [*Id.* at 20].

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at 19; Doc. 6 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

As Mr. Ixcoy-Ordonez asserts, § 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." [Doc. 1 at 19]; *see also* 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify

discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and an NTA. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026). Courts in this District have also "rejected the notion that an I-200 warrant issued either *after* or *concurrent* with an arrest made without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one." *Ramirez Ovando*,

810 F. Supp. 3d at 1226; *Martinez-Salamanca*, 2026 WL 2083209, at *3.

Without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[3] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition, which is verified by Petitioner's counsel, alleges that no warrant authorized Mr. Ixcoy-Ordonez's arrest. [Doc. 1 at 6, 19]. Local officers stopped Petitioner for a traffic violation, but he

[3] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

was then detained when ICE authorized his arrest for immigration matters. [*Id.* at 2; Doc. 1-3 at 1]. Although an NTA was issued on the day of Petitioner's arrest, nothing in the record indicates that the Respondents ever produced or obtained an administrative warrant to justify Petitioner's arrest. Respondents do not address this issue at all in their Response and do not attach any warrant. *See* [Doc. 6]. They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED** as to Petitioner's third claim. The Court will order Mr. Ixcoy-Ordonez released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). Having granted Petitioner his requested relief, the Court need not reach Petitioner's other claims.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody;

(3) Respondents are **ENJOINED** from re-arresting or re-detaining Mr. Ixcoy-Ordonez unless they demonstrate, by clear and convincing evidence at a

pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Mr. Ixcoy-Ordonez shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and

(4) On or before **October 23, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released.[4]

DATED: October 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

[4] To the extent Petitioner asks the Court for leave to file a motion for attorney's fees, *see* [Doc. 1 at 26], leave of Court is not necessary, and Petitioner may file a motion for fees if he seeks that relief.